OPINION OF THE JUSTICES OF THE SUPREME COURT rendered to the Governor in the matter of THE JAMESTOWN CAUCUS ACT.

MARCH 29, 1921.

*(1) Elections. Caucuses. Constitutional Law.*

Cap. 1989 sec. 8 Pub. Laws 1920 "An act in relation to the holding of caucuses in the town of Jamestown," is not unconstitutional by reason of its retroactive provisions in relation to computing the period of twenty-six calendar months.

*(2) Caucuses. Computing Time.*

Under the provisions of Pub. Laws, 1920, cap. 1989, the town clerk of a town should compute the period of twenty-six months prior to the date of each caucus in preparing the voting lists for use in caucuses in said town.

*(3) Elections. Caucuses. Constitutional Law.*

The right which Art. II sec. 1 of the constitution of Rhode Island guarantees is the right to vote in the *election* of civil officers and the word "election" as used in the constitution does not refer to a caucus held for the purpose of naming the candidates of a political party.

*(4) Elections. Caucuses. Constitutional Law.*

The right to vote in a caucus is not a private right such as a contract right property right or a right guaranteed under the constitution but rather a private privilege granted by the legislature under its general power to regulate elections under Cons. R. I. Art. II, sec. 6, and Pub. Laws, 1920, cap. 1989, takes away no constitutional right but only defines the conditions under which the voter may exercise his privilege to vote for the nomination of candidates.

SUPREME COURT, March 29, 1921.

*To His Excellency Emery J. San Souci, Governor of the State of Rhode Island and Providence Plantations:*

We have received from Your Excellency a request for our written opinion upon the following questions, viz.:

1. Is Chapter 1989 of the Public Laws, passed at the January session, A. D. 1920, and approved April 9, 1920, constitutional?

2. Is Section 8 of said Chapter 1989 retroactive in its provisions that, "No person shall be entitled to vote or take part in the caucus of any political party who within twenty-six calendar months has voted or taken part in the caucus of any other political party, or has signed nomination papers of a candidate or candidates for any elective officer, or has voted in any election for the candidates of any other political party or for candidates placed in nomination by nomination papers, or is debarred from so voting or taking part by the regulations of such party provided for in section 2 of this act. No person who has voted in the caucus of any political party shall be eligible to sign any nomination paper containing nominations of candidates within twenty-six calendar months thereafter."?

3.   Shall the Town Clerk of Jamestown, acting under this act, compute the twenty-six months prior to the date of each caucus in preparing the voting lists for use in caucuses in said town?   If not, in what manner shall he proceed in making such computation and in preparing said lists?

The court answers the above questions as follows:

1.   The first question we answer in the affirmative.

2.   The second question we answer in the affirmative.

3.   The third question we answer in the affirmative, our answer relating to the first sentence thereof.

Upon the receipt of this request the court, having in mind the interest therein which would naturally be felt by the voters of Jamestown, as well as the possible effect of any opinion which we might express upon the electors of other localities subject to similar laws, deemed it desirable to and did give notice that all parties interested in the questions submitted might appear at a stated time and present for our consideration such facts and arguments as might seem to them to be pertinent.

At the hearing thus accorded certain citizens and tax-payers of the town of Jamestown appeared by counsel, made an oral argument and submitted a brief.   Four others, citizens and taxpayers of Jamestown, who entertained adverse views, also presented oral arguments which were largely, if not wholly, confined to an exposition of what they deemed to be the unsatisfactory operation of the law as applied to the conditions prevailing in their town.

We cannot change or modify a statute.   That is a legislative function which we cannot assume.   The real and the only question submitted to us is, Is Section 8 of Chapter 1989 of the Public Laws unconstitutional by reason of its retroactive provisions?

Section 1, Article II of the Constitution of Rhode Island grants to every citizen who shall possess the qualifications therein enumerated the "right to vote in the election of all civil officers and on all questions in all legal town or ward meetings so long as he continues so qualified."

(3)    The laws relating to the holding of caucuses were designed to secure a more orderly procedure and to enable each political party to select its candidates for office without interference from those of a different political faith. The right which the constitution guarantees is the right to vote in the *election* of civil officers. Such officers are not *elected* by a caucus.

The word "election," as used in the constitution, does not refer to a caucus held for the purpose of naming the candidates of a political party. It refers to the final act of the voters in casting their ballots at the polls.

In *Woodruff* v. *State*, 52 Atl. 294 (N. J.), it was held that, "A primary is not an election, in the sense of the common law" and the indictment was quashed on the ground that there was no statute making fraud, at a primary, a crime.

A caucus is simply a gathering of the members of one political party for the purpose of selecting and presenting to the consideration of the voters the name or names of some person or persons who, in the opinion of the majority of those composing such caucus, it would be desirable to elect. The action of the caucus directs the attention of the voters to the person or persons selected without in any way restricting them in the expression of their choice at the polls. The voter is not obliged to vote for the nominee of the caucus. He can vote for another, of his own choosing, if he sees fit to do so.

While our constitution guarantees the right to vote for civil officers it also by Section 6 of Article II empowers the General Assembly to prescribe the manner of conducting elections and generally to enact all laws necessary to carry that article into effect and to prevent abuse, corruption and fraud in voting.

(4)    The right to vote in a caucus is not a private right such as a contract right, property right, or a right guaranteed under the constitution but rather a private privilege granted by the legislature under its general power to regulate elections and, therefore, the act under consideration does not

deprive anyone of his constitutional right to vote in the election of civil officers.  20 C. J. 60.

This court said in *Re Warwick Financial Council*, 39 R. I. 1, "The legislature may generally pass such regulations with respect to the conduct of elections as to it seem proper and expedient" and courts of other jurisdictions have adopted a similar rule.  *Winston* v. *Moore*, 91 Atl. 520 (Penn.); *Webber* v. *Felton*, 77 Ohio 554; *Hopper* v. *Stack*, 56 Atl. 1 (N. J.).

In *Rouse* v. *Thompson*, 228 Ill. 522, it was held that an act denying the right of a person to vote in a primary election who shall have within one year signed the petition of any party with which he does not affiliate, or who shall have signed the petition of an independent candidate, or who shall have voted with another political party, was not unconstitutional.  In the course of its opinion the court said:  "The object of holding a primary election by a political party is to select party candidates, and it is too plain for argument that no voter should be permitted to vote at the primary election of a political party unless he is a member of such party, and unless provision is made to prevent persons voting at a primary election for the candidates of a party who are not affiliated with such party, the whole scheme of nominating party candidates by a primary election would fail, because of being incapable of execution.  In view of the object for which the primary election is held we have been unable to discover any constitutional right of which the voter has been deprived."

In *Commonwealth* v. *Rogers*, 181 Mass. 184, it was held that a statute providing that no person having voted in the caucus of one political party shall be entitled to vote or take part in the caucus of another political party within the ensuing twelve months, was valid, and in its opinion the court said, "It seems to us impossible to say as a matter of law that this is not a reasonable precaution against the fraudulent intrusion of members of a different party for sinister purposes."

The Jamestown Caucus Law was passed by the General Assembly in the exercise of its power to regulate elections. It takes away no constitutional right but only defines the conditions under which the voter may exercise his privilege to vote for the nomination of candidates.

It was urged by some, who addressed the court at the hearing, that the act was *ex post facto*. It is so well settled that these words, as used in state and national constitutions, refer only to criminal matters that we do not need to discuss or cite authorities upon that point. In the same connection it was also argued that the provisions of the act relating to those qualified to vote ought not to become effective until a period of twenty-six months after the passage of the act. We have already reached the conclusion that the act is constitutional and that it is within the power of the General Assembly to adopt such regulations for the orderly govenment of political caucuses as it might deem expedient. The act provides that it shall take effect upon its passage and we cannot read into it something which it does not contain and which would suspend its operation.

WILLIAM H. SWEETLAND,
WALTER B. VINCENT,
CHARLES F. STEARNS,
ELMER J. RATHBUN,
JOHN W. SWEENEY.