STATE, *ex rel.* CARY D. LANDIS, Att'y Gen'l, v. W. Z. CARSON.

154 So. 150.
Opinion Filed April 3, 1934.

452

*Treadwell & Treadwell* and *Bussey, Mann, Barton & Walker,* for Plaintiff in Error;

*W. D. Bell* and *Fairfax T. Haskins,* for Defendant in Error.

WHITFIELD, J.—The State of Florida by the Attorney General of the State filed in the Circuit Court a petition in the nature of an information in *quo warranto* against W. Z. Carson. The Attorney General does not merely allege that respondent usurps the functions of office and pray that he be required to show by what right he does so; but the information as amended in effect alleges that the respondent claims to be duly elected to the office of Clerk of the Circuit Court for Highlands County, Florida, by reason of a certificate of election issued to him by the Supervisor of Registration of Highlands County, November 15, 1932; that whatever rights may be claimed by W. Z. Carson by reason of such certificate of election are usurped because (1) a primary election was held in June, 1932, under provisions of law for the purpose of nominating officers in-

cluding Clerk of the Circuit Court; (2) that at the primary election W. Z. Carson and L. T. Farmer were candidates for Clerk of the Circuit Court for Highlands County; that Carson failed to file the expense accounts required by the statute and as a consequence his name was not printed on the ballots in the primary election; that L. T. Farmer did comply with the statute and was declared the nominee of the party; (3) that in the general election, November 8, 1932, the name of L. T. Farmer was printed on all the ballots used and voted in said general election; "that sundry different individuals in the County of Highlands and said State of Florida did write and insert the name of the said W. Z. Carson upon sundry different ballots used and voted in the several precincts of Highlands County, Florida, and a sufficient number of individuals as appears by the returns of the election officials in Highlands County voted for the said W. Z. Carson by writing his name upon said ballots as to warrant and justify the County Canvassing Board to make a finding by and through their canvass of the results of the said election, that the said W. Z. Carson had been elected as Clerk of the Circuit Court of said County, by a majority of 89 votes and thereupon, in pursuance to the result so announced by the said Canvassing Board, the Supervisor of Registration of Highlands County, Florida, issued as aforesaid to the said W. Z. Carson a certificate of his election to the office of said Clerk."

There are allegations that the respondent participated in the primary election, and under the statute could not be an independent candidate; that no certificate of election could legally be issued to him and that respondent and the electors at the election knew respondent was disqualified to become a candidate. But such allegations need not be further referred to, since respondent's name was not printed on the

ballots used in the general election at which he received a majority of the votes cast, his name being written on the ballots by the voters at the polls, and the respondent is not shown to be ineligible to hold the office.

There was judgment for respondent on demurrer, and the relator took writ of error.

The Constitution contains the following:

"Every male person of the age of twenty-one years and upward that shall, at the time of registration, be a citizen of the United States, and that shall have resided and had his habitation, domicile, home and place of permanent abode in Florida for one year and in the county for six months, shall in such county be deemed a qualified elector at all elections under this Constitution. Naturalized citizens of the United States at the time of and before registration shall produce to the registration officers his certificate of naturalization or a duly certified copy thereof." Sec. 1, Art VI, as amended in 1894.

"The Legislature shall have power to, and shall enact the necessary laws to exclude from every office of honor, power, trust or profit, civil or military, within the State, and from the right of suffrage, all persons convicted of bribery, perjury, larceny, or of infamous crime, or who shall make, or become directly or indirectly interested in, any bet or wager, the result of which shall depend upon any election; or that shall hereafter fight a duel or send or accept a challenge to fight, or that shall be second to either party, or that shall be the bearer of such challenge or acceptance; but the legal disability shall not accrue until after trial and conviction by due form of law." Sec. 5, Art. VI.

"The Legislature shall enact such laws as will preserve the purity of the ballot given under this Constitution." Sec. 9, Art. VI.

"Laws shall be passed regulating elections, and prohibiting under adequate penalties, all undue influence thereon from power, bribery, tumult or other improper practice." Sec. 26, Art. XII.

The Statutes of the State contain the following:

"Each and every candidate for nomination in a primary election be and he is hereby required to file in the office of the Clerk of the Circuit Court of the county in which he resides, if he is a candidate for * * * any county office * * * detailed itemized statements of his campaign expenses, to-wit: Not more than thirty days nor less than twenty-five days prior to the first primary election, also not more than twelve nor less than eight days prior to the first primary election and within ten days after the second primary election." Sec. 421 (364) C. G. L., as amended by Chap. 13761, Acts of 1929.

"Any candidate who fails to make and file the statements required by Section 421, in the form and at the time specified, shall not have the right to have his name placed upon the ballot to be used in the primary election, and those intrusted with the preparation of such primary ballots shall upon the certificate of the officer with whom, said statements are required to be filed, that a candidate has failed to file such statement or statements, omit his name therefrom. The name of no candidate failing to file such statements as required by said section shall be allowed or printed on the official ballot used in the general State and county election, and no committee, officer or board authorized to issue commissions, certificates of election and certificates of nomination shall issue any such commission or certificate to any candidate who fails to comply with the provisions of the said section. Any officer, and the members of any board or committee violating the provisions of this section

shall upon conviction be fined not exceeding five hundred dollars, or be imprisoned not exceeding six months." Sec. 8197 (5933) C. G. L.

While primary elections are not expressly mentioned in the Florida Constitution, the primary election laws are recognized as a component part of the laws of the State for the selection of party candidates and for the election of governmental officers of the State.

In order to make the laws for the election of officers effective, statutes may "regulate elections" and prohibit "under adequate penalties, all undue influence thereon from power, bribery, tumult or other improper practice." As primary elections constitute an integral part of the procedure for electing State, county and other public officers, statutes may, pursuant to the above organic provisions, provide regulations for conducting primary elections to nominate party candidates for election, including the nature and content of the ballots to be used, the filing of expense statements by candidates in primary elections, and prohibiting the names of anyone to be printed on the primary ballots or on the ballots used in the general election, who violates any provision of the statutes regulating primary or general elections; and statutes may make a violation of any such laws a crime, and may prohibit the giving of certificates of nomination or of election to persons who are ineligible to hold office under the laws of the State. And statutes may exclude from office any person convicted of bribery, perjury, larceny or of infamous crime.

Section 421 (364), Compiled General Laws, as amended, requires all candidates for nomination in primary elections to file expense statements as prescribed in the statute, and Section 8197 (5933), Compiled General Laws, provides that the candidate who fails to do so, "shall not have the

right to have his name placed upon the ballot to be used in the primary election," nor shall his name "be allowed or printed on the official ballot used in the general State and county election, and no committee, officer or board authorized to issue commissions, certificates of election and certificates of nomination shall issue any such commission or certificate to any candidate who fails to comply with the provisions of" Section 421.

The respondent's name was not printed on the primary ballot and he was not nominated as a party candidate and his name was not printed on the ballots used in the general election; but his name was written on the ballots by the voters and he thereby received a majority of the votes cast at the election for the office of Clerk of the Circuit Court.

Under the statute the respondent's name could not legally be "allowed or printed" on the official ballots given to the electors as they appeared to cast their votes at the general election, but the electors could legally vote for any person qualified to fill the office by writing the name in the space provided for that purpose on the ballots, and by making the proper X marks opposite the names.

In this case the statute did not make the respondent ineligible to fill the office because of his failure to file the expense statements under the primary election law, but forbade his name to be printed on the primary ballot, and also forbade his name to be "allowed or printed" on the general election ballots.

Respondent's name was not printed on the general election ballots. That was the penalty imposed by the statute for failure to file the expense statements. Nor was the respondent's name "allowed" to be put on the ballots in violation of the prohibition of the statute, when his name was written by the voters in the space required by the

statute to be left blank on the ballots so that electors could vote for any eligible person they desired to.

The provision of the statute forbidding commissions or certificates of election or of nomination to be given to those candidates who failed to file their expense statements, refers to nominations in the primary elections as to the *election* of party executive committees, delegates to national conventions, etc., in primary elections. The statute does not provide that the failure to file the required financial statements of expenses incurred in primary elections renders the person so failing ineligible to election or to fill the office if elected, though it does make a willful violation of Section 421 a criminal offense. Section 8199 (5935) C. G. L.

It does not appear that the respondent has been convicted under the last cited section or any other law, or that he is ineligible to fill the office.

Affirmed.

Davis, C. J., and Ellis, Terrell and Buford, J. J., concur.

Davis, C. J. (concurring).—Section 9 of Art. VI and Section 26, Art. III, constitutes ample constitutional authority to make one who voluntarily enters a primary ineligible to be voted for or elected to office at the following general election, when he has violated statutory regulations controlling primary elections. Such ineligibility to be elected might be made one of the "adequate" penalties which Section 26. of Art. III specifically authorizes the Legislature to provide in order to insure observance to what may be termed a legislative code for fair competition in politics. The penalty which the Legislature may impose for violation of the primary law can be made "adequate" and if the only "adequate" penalty is to render the violator ineligible to be elected at the subsequent general election

of which the primary is merely a preparatory step, a penalty of that kind may be imposed, as well as the lesser penalty of forbidding names to be printed on the ballots. But in this case the statute does not go that far. It merely provides for keeping names off primary and general election tickets without imposing ineligibility.