52 So.2d 793 (1951)
MAIRS
v.
PETERS et al.
Supreme Court of Florida, en Banc.
May 25, 1951.
*794 Robert L. Achor, Miami, and J. Kentner Elliott, Chicago, Ill., for appellant.
Richard W. Ervin, Atty. Gen., Howard S. Bailey and Mallory H. Horton, Assts. Atty. Gen., for appellees.
ADAMS, Justice.
This appeal is from a decree disclosing that:
"Plaintiff on or about January 23, 1950, as a duly registered elector of the Republican Party in Dade County, Florida, sought to qualify in the 1950 primary as a candidate of that party for nomination for the office of school board member for District 3 in said County, and complied with all requirements of law with respect thereto except the execution and filing of the candidate's oath required by Section 102.29 [F.S.A.]. Plaintiff voted for candidates of both the Republican and Democratic parties in 1948 and announces her intention to vote for candidates of both such parties at the 1950 general election; hence, plaintiff alleges that she was unable to execute said oath because of the following required parts thereof: `* * * that he did not vote for any nominee of any other party, national, state or county, at the last general election; * * * and that he pledges himself to vote for all nominees of such party  national, state or county, whose names shall appear upon the ballot at the next succeeding general election;'
"Plaintiff alleges that the defendants, or some of them, refused to permit her to so qualify as a candidate in the 1950 primary by reason of her failure and inability to execute and file said candidate's oath with the quoted provisions therein. Plaintiff contends that such action on the part of said defendants was unlawful and in derogation of her legal rights for the reason that the aforesaid requirements of Section 102.29 were and are repugnant to the United States Constitution in that such section and the requirements thereof deprived her of rights, privileges and immunities, of due process and of equal protection of the laws, under the Fourteenth Amendment to said Constitution, and that said defendants in so acting violated the provisions of the Civil Rights Act (Title 8 U.S.C.A. Section 43); all of which the plaintiff seeks this court to so declare in a decree construing Section 102.29."
The lower court was of the opinion that:
"The right of suffrage is not one of the necessary privileges of a citizen of the United States; such right of suffrage, with exceptions not of moment here, deriving from the State (Minor v. Happersett, 21 Wall. 162, 22 L.Ed. 627; U.S. v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588; Pope v. Williams, 193 U.S. 621, 24 S.Ct. 573, 48 L.Ed. 817).
"It is within the power of a state legislature to regulate the nomination of political party candidates for office by adoption of a primary election law; and unless the primary act contravenes constitutional provisions, it is controlling on all political parties and candidates. (29 C.J.S., Elections, § 111(b) pages 147, 148; State ex *795 rel. Landis v. Carson, 114 Fla. 451, 154 So. 150; State ex rel. Chamberlin v. Tyler, 100 Fla. 1112, 130 So. 721). Florida has comprehensively provided for the control of primary elections (Chapter 102, Florida Statutes, 1949).
"The party loyalty requirement of Section 102.29, quoted above, exacted of candidates participating in a primary election in this state is a reasonable legislative regulation (Lett v. Dennis, 221 Ala. 432, 129 So. 33; Ladd v. Holmes, 40 Ore. 167, 66 P. 714; State ex rel. Adair v. Drexel, 74 Neb. 776, 105 N.W. 744; Kelso v. Cook, 184 Ind. 173, 110 N.E. 987; Riter v. Douglass, 32 Nev. 400, 109 P. 444; State ex rel. Webber v. Felton, 77 Ohio St. 554, 84 N.E. 85; Annotations, 70 A.L.R. 1501, 88 A.L.R. 473, 97 A.L.R. 685). Hence, said statute with such requirement is not in contravention of the Fourteenth Amendment or any other provision of the United States Constitution; and a public officer in observing and enforcing such requirement in relation to a person's party candidacy does not, under any circumstances, deprive such person of rights, privileges or immunities within the contemplation of the Civil Rights Act."
We are urged to hold the legislative act unconstitutional in that it is violative of the United States Constitution and the federal statute. To reach such a conclusion we must be convinced beyond a reasonable doubt that the act contravenes the superior law. This act and similar ones have been a part of our election laws for many years and have generally been accepted and held to be a reasonable party regulation. Kelso v. Cook, 184 Ind. 173, 110 N.E. 987; State ex rel. Webber v. Felton, 77 Ohio St. 554, 84 N.E. 85; State ex rel. Landis v. Carson, 114 Fla. 451, 154 So. 150; State ex rel. Chamberlin v. Tyler, 100 Fla. 1112, 130 So. 721; 29 C.J.S., Elections, § 111, pages 146-149; 18 Am.Jur., page 286, Section 147. The statute, no doubt, does preclude plaintiff from complete freedom to exercise her personal desire to participate in political elections. However, that is not the test for in fact all laws impair to some degree the citizen's liberty. Absolute freedom dispels order and breeds chaos. It is by virtue of law, however, that we attain orderly government and achieve the privilege to enjoy in a fuller measure our cherished liberty and in the end secure order and justice between one another. This statute is one of a pattern enacted and used generally by the several states, designed to fit into our party system which has always been a part and parcel of our democratic system of election machinery. It is one thing to regulate in the interest of orderly government and quite another to arbitrarily legislate against. In this case we find no reason to condemn the act as arbitrarily depriving the plaintiff of her right of franchise. The legislature has fixed the public policy relative to elections and political parties. We have adopted the system and plaintiff, like other electors, is bound by it. There is nothing arbitrary in the act and it does not run counter to the Federal Constitution or statute.
Courts generally have held acts of this nature a valid exercise of the police power, and also essential to the functioning of popular free government. Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789; Southern Utilities Co. v. City of Palatka, 86 Fla. 583, 99 So. 236, 268 U.S. 232, 45 S.Ct. 488, 69 L.Ed. 930; Kelso v. Cook, supra; State v. Felton, supra; State ex rel. Landis v. Carson, supra.
Conceding, as any student of free government must, that the party system is essential to our political life, we can well understand how short lived the party would be unless some means was afforded to maintain party integrity.
Those who will not maintain their party through pride or loyalty may be restrained by law from destroying the system they have utilized to advance their political fortunes. 18 Am.Jur. 282.
Finding no error the decree is affirmed.
SEBRING, C.J., and TERRELL, CHAPMAN, THOMAS, HOBSON and ROBERTS, JJ., concur.