70 So.2d 585 (1954)
ERVIN, Atty. Gen.,
v.
RICHARDSON et al.
Supreme Court of Florida. En Banc.
February 23, 1954.
*586 Richard W. Ervin, Atty. Gen., and Howard S. Bailey, Asst. Atty. Gen., for appellant.
M.C. Blanchard (of Fisher & Hepner), Pensacola, for Margaret Richardson and Clarence R. Walker.
Jack H. Greenhut, Pensacola, for County Commissioners.
E. Dixie Beggs (of Yonge, Beggs & Lane), Pensacola, for Langley Bell.
Edward F. Wicke, State's Atty., Pensacola, for appellees.
TERRELL, Justice.
Margaret Richardson and Clarence R. Walker filed their complaint in the Circuit Court in which they prayed for an interpretation of Section 100.081, F.S., F.S.A., relating to the nomination of County Commissioners. The Attorney General was permitted to intervene and become a party to the cause. Answers were filed and on final hearing the chancellor entered a declaratory decree holding the proviso to Section 100.081 to be unconstitutional and void and enjoined the defendants from conducting elections to nominate county commissioners as provided therein. We are confronted with an appeal from the final decree.
The point for determination challenges the validity of the chancellor's order invalidating Section 100.081, Florida Statutes 1951, F.S.A., the pertinent part being as follows:
"The primary elections shall provide for the nomination of county commissioners by the qualified electors of such county at the time and place set for voting on other county officers, provided, that county commissioners are nominated by the several districts of the county instead of by the county at large, * * *."
The chancellor held the proviso of said act, being the part italicized, to be in conflict with Section 5, Article VIII of the Constitution, F.S.A., the pertinent part of which is as follows:
"There shall be one County Commissioner in each of the five County Commissioner's districts in each county, which districts shall be numbered one to five inclusive, and shall be as nearly as possible equal in proportion to population. The Board of County Commissioners in the respective counties shall from time to time fix the boundaries of such districts. Said County Commissioners shall be elected by the qualified electors of said county at the time and place of voting for other county officers, and shall hold office for four years, * * *."
An inspection of the proviso to Section 100.081 discloses a requirement to nominate County Commissioners by the several districts of the county instead of by the county at large. Section 5, Article VIII of the Constitution requires that County Commissioners "shall be elected by the qualified electors of said county at the time and place of voting for other county officers, and shall hold office for four years". The statute has reference to "nomination" of County Commissioners while the constitution has reference to "elected" or the election of County Commissioners. The chancellor recognized this but held that since Section 5 of Article VIII of the Constitution made specific provision for the election of County Commissioners by the qualified electors of the county, the effect of the act was to restrict *587 each elector's choice to one county commissioner when the constitution provides that he might vote for five; the result of which was to impose an unreasonable and unnecessary burden on the right of suffrage as guaranteed by Section 5, Article VIII of the Constitution.
The holding of the chancellor follows from his finding that the act in question provides a different manner of electing county commissioners from that provided by Section 5, Article VIII of the Constitution. Under the administration of the act only the names of party nominees chosen at a primary election may have their names printed on the general election ballot. Except for the privilege of write in votes this practice limits the choice of the electorate in the general election to those whose names are printed on the ballot, the practical effect of which is that the elector in the general election has no choice but may cast his vote for only one county commissioner though the constitution provides that he may vote for five.
Appellant counters with the contention that Section 5, Article VIII of the Constitution does not necessarily control with respect to the nomination of County Commissioners in the primary, since Section 26, Article III of the Constitution authorizes the legislature to enact laws regulating elections. The following decisions interpreting the election laws are also cited: State ex rel. Merrill v. Gerow, 79 Fla. 804, 85 So. 144; State ex rel. Landis v. Carson, 114 Fla. 451, 154 So. 150; Ex parte Hawthorne, 116 Fla. 608, 156 So. 619, 96 A.L.R. 572; State ex rel. Landis v. Dyer, 109 Fla. 33, 148 So. 201 and others. It is admitted that the primary is a part of the general election machinery and as such retains its traditional character as substitute for the caucus petition or nominating convention. It has no such effect as to the final or general election as contemplated by the constitution.
It is admitted that there are distinct differences between a primary and a general election but appellees contend that such differences cannot go beyond reasonable rules and regulations respecting party loyalty and membership. It is certain that said rules and regulations cannot go so far as to put an undue hardship on the exercise of one's franchise, nor can they, under the guise of a primary election, deprive one of that which the constitution grants through the medium of a general election.
Appellees contend that Section 100.081 unnecessarily restricts each elector to a voice in selecting only one county commissioner, thereby defeating the purpose of Section 5, Article VIII of the Constitution in that it imposes an unreasonable impediment on the right of suffrage. Appellant contends on the other hand, that except as to the election of United States Senators and Representatives in Congress, the right of suffrage is one that the State has plenary power to regulate, which Section 26, Article III of the Constitution so recognizes, that Section 100.081 deals exclusively with nomination of county commissioners rather than election and does not contravene Section 5, Article VIII of the Constitution, that it is reasonable and has been the established policy of the State for many years.
There may be substance to the contention that nomination of county commissioners by districts has been the established policy of the State for many years but I do not think we can escape the chancellor's conclusion that the effect of it is to unduly limit the voter's choice in the general election as contemplated by Section 5, Article VIII of the Constitution. Neither can we now escape the conclusion that the primary is a part of the general election machinery of the State and that it is comprehended by those provisions of the Constitution regulating elections, that where the Constitution has conferred the right to vote, the legislature is powerless to impose regulations in a primary or general election that will unduly limit the right.
In South v. Peters, 339 U.S. 276, 70 S.Ct. 641, 94 L.Ed. 834, the Court held that where the party primary election is an integral part of the State election machinery, the *588 right to vote is protected by the Fourteenth Amendment. Other Federal decisions and decisions of this Court support that premise. U.S. v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987, 151 A.L.R. 1110; Grovey v. Townsend, 295 U.S. 45, 55 S.Ct. 622, 79 L.Ed. 1292, 97 A.L.R. 680; Terry v. Adams, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152; Thomas v. State ex rel. Cobb, Fla., 58 So.2d 173; Bowden v. Carter, Fla., 65 So.2d 871; State ex rel. Gandy v. Page, 125 Fla. 348, 169 So. 854; Ex parte Hawthorne, 116 Fla. 608, 156 So. 619, 96 A.L.R. 572. The question presented must be read in connection with these State and Federal decisions and when so read, notwithstanding the "write in" provision, the act complained of imposes an undue burden on the right of franchise.
It necessarily follows that Section 5, Article VIII of the Constitution prescribes a method by which county commissioners shall be elected, that said method is exclusive and that the legislature was powerless to unduly restrict it. The decree appealed from must be and is hereby affirmed.
Affirmed.
ROBERTS, C.J., and THOMAS, SEBRING, MATHEWS and DREW, JJ., concur
HOBSON, J., concurs in conclusion and judgment.