503 F.2d 1048
 Manuel L. JOSE, Plaintiff-Appellant,
v.
Tomas R. MESA, Jr., Executive Director of the Elections
Commission, Territory of Guam and the Elections
Commission, Territory of Guam,
Defendants-Appellees, Joseph
M. Borja, Intervenor-Appellee.
 No. 74-2343.
 United States Court of Appeals, Ninth Circuit.
 Sept. 20, 1974.
 
 Manuel L. Jose, in pro per.
 Jack Rosenzweig (argued), Agana, Guam, for defendants-appellees.
 Joseph M. Borja pro per.
 Trapp, Gayle, Teker, Weeks, & Friedman, Agana, Guam, for intervenor-appellee.
 Before CHOY, Circuit Judge, and PENCE* and KING,* District judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, a Guam citizen, brought this action against certain Guam election officials challenging the island's primary system for the selection of party candidates for governor and lieutenant governor. Under a statute amended in 1974, 2933(a) of the Government Code of Guam, a slate of candidates for the top two executive positions need only receive a plurality of the vote in the June primary to be nominated for the November general election. Appellant claims that this contravenes 6 of the Organic Act of Guam, 48 U.S.C. 1422. Passed by Congress in 1968, 6 for the first time permitted the people of Guam to elect their governor and lieutenant governor. In pertinent part it provides:
 
 
 2
 The Governor of Guam, together with the Lieutenant Governor, shall be elected by a majority of the votes cast by the people who are qualified to vot for the members of the Legislature of Guam . . .. If no candidates receive a majority of the votes cast in any election, on the fourteenth day thereafter a runoff election shall be held between the candidates for Governor and Lieutenant Governor receiving the highest and second highest number of votes cast. The first election for Governor and Lieutenant Governor shall be held on November 3, 1970. Thereafter, beginning with the year 1974, the Governor and Lieutenant Governor shall be elected every four years at the general election.[1]
 
 
 3
 It is argued that the phrase 'in any election' is not limited solely to general elections, but applies to primaries as well. Thus, appellant contends, nomination in a primary requires a majority, not simply a plurality.
 
 
 4
 The district court held that the Organic Act's majority requirement was applicable only to general elections and dismissed the complaint. We affirm.
 
 
 5
 Below, appellee contested Jose's standing to sue. Appellant, however, has standing as a voter. The interest he asserts is the deprivation of the opportunity to vote in a runoff election between the two top finishers in either of the party primaries. Cf. Valenti v. Rockefeller, 292 F.Supp. 851, 853 n. 1 (W.D.N.Y.1968), aff'd per curiam, 393 U.S. 405, 89 S.Ct. 689, 21 L.Ed.2d 635 (1969).
 
 
 6
 As to the merits, we agree fully with the district court. Directly after the 'in any election' language in 6 appears the sentence: 'The first election for Governor and Lieutenant Governor shall be held on November 3, 1970.' Congress' repetition of the unqualified term 'election' in this sentence indicates that the draftsman meant 'general election' by the use of the term 'election' throughout the section; otherwise, it would have been natural to add the word 'general' to this sentence setting the election date.
 
 
 7
 The probable understanding of Congress is also illuminated by the absence of a primary system in Guam prior to the passage of 6 in 1968. Candidates for the elective legislature were nominated in party conventions. It is probable, therefore, that Congress did not comtemplate primaries when 6 was drafted.
 
 
 8
 Our conclusion, finally, is supported by the one case found in point-- Wagner v. Gray, 74 So.2d 89 (Fla.1954). There, the Florida Supreme Court interpreted a provision in the state's constitution which was similar to 6 of the Guam Organic Act and held it applicable only to general elections.
 
 
 9
 Affirmed.
 
 
 
 *
 Honorable Martin Pence and Honorable Samuel P. King, United States District Judges, Honolulu, Hawaii, sitting by designation
 
 
 [1]
 Emphasis added