Mr. Gary M. Brandenburg County Attorney Palm Beach County Post Office Box 1989 West Palm Beach, Florida 33402-1989
Dear Mr. Brandenburg:
This is in response to your request, in your capacity as county attorney for Palm Beach County, for an opinion on the following question:
 MAY THE CONSTITUTIONAL COUNTY OFFICE OF SUPERVISOR OF ELECTIONS BE MADE AN OFFICE THAT IS ELECTED ON A NONPARTISAN BASIS BY CHARTER AMENDMENT APPROVED BY THE VOTERS OF PALM BEACH COUNTY?
Restated, your question asks: 1. Does the Election Code, Chs. 97-106, F.S., contemplate or provide for political party nomination of candidates for the constitutional county office of supervisor of elections at the primary election, such that a county charter amendment providing for that officer's nonpartisan election would be "inconsistent with general law," as that term is used in s. 1(g), Art. VIII, State Const.? 2. Does the proviso contained in the first sentence of s. 1(d), Art. VIII, State Const., allow an amendment to a county charter to provide for the nonpartisan election of a county officer, such as the supervisor of elections?
Your letter of inquiry states that Palm Beach County became a charter county on January 1, 1985, following voter approval of the charter in the previous general election. Section 4.1 of the charter provides that the elected constitutional office of supervisor of elections "shall remain as presently constituted." The Palm Beach County Commission and the Charter Advisory Council of Palm Beach County are concerned about the power of a charter county to convert the office of supervisor of elections to a nonpartisan elected office by duly approved charter amendment.
QUESTION ONE
For the following reasons, it is my opinion that your first question, as restated, should be answered in the affirmative, since the proposed charter amendment would appear to be inconsistent with general law.
Section 1(g), Art. VIII, State Const., provides: "Counties operating under county charters shall have all powers of local self-government not inconsistent with general law. . . ." (e.s.) See, State ex rel. Volusia County v. Dickinson, 269 So.2d 9 (Fla. 1972). Attorney General Opinions 81-7; 79-109; 73-356; 73-95. Note, "Charter County Government in Florida. . . ." 33 U.Fla.L.Rev. 505, 525 (1981) (discussing tests for inconsistency and conflict); AGO 85-41, citing AGO's 71-154; 71-109; 71-102 for proposition that charter county without authority to alter statutory law of state except to extent permitted by the Constitution; see also, AGO 77-88; s. 125.86(8), F.S. Section 1, Art. VI, State Const., expressly provides that "elections shall, and political party functions may, be regulated by law." (e.s.) The phrase "by law" as used in the State Constitution means statutes enacted by the Legislature. See, Broward County v. Plantation Imports, Inc.,419 So.2d 1145 (4 D.C.A.Fla., 1982); Grapeland Heights Civic Association v. City of Miami, 267 So.2d 321 (Fla. 1972). Attorney General Opinions 85-19; 84-39; 79-109. See generally, s. 5, Art. VI, State Const., which provides: "A general election shall be held in each county . . . to choose a successor to each elective state and county officer. . . ." (e.s.); and s. 1(d), Art. VIII, State Const., "County Officers" which provides: "There shall be elected by the electors of each county, for terms of four years, . . . a supervisor of elections. . . ."
While the State Constitution does not provide for, or even mention, the partisan (or nonpartisan) election of candidates for county offices, "The Florida Election Code" (Chs. 97-106, F.S.) does provide for the nomination of candidates for county offices by their respective political parties during the first and second primary elections and the election of such county officials on a partisan basis. Moreover, it is apparent that the Election Code is intended to be applied consistently in order to achieve "uniformity in the application, operation, and interpretation of the election laws." Section 97.012(1), F.S. Indeed, this office has previously opined that the Election Code is a general law of uniform statewide operation applicable to the election of county commissioners and officers, and that it provides for the partisan election (with the exception of independent and write-in candidates) of county officers. Attorney General Opinion 79-106. See also, AGO 75-132 (discussing 1972 revisions to Art. V, providing for nonpartisan judicial elections and discussing import of deletion of phrase from Art. V, which equated judicial elections with those for other state and county officials).
Reference to numerous sections of the Election Code and a reading of those statutes in pari material illustrates that nomination of political party candidates at the first and second primary elections for the office of supervisor of elections is the prescribed statutory method for selection or elimination of candidates for that office, with the final selection following at the general election. See, e.g., ss. 101.181(1) (form of primary ballot as prescribed in s. 101.141, F.S.); 101.141(2) and (4) (specifications for primary election ballot"; primary ballot shall contain heading "County," and thereunder list, inter alia, office of supervisor of elections, and candidates therefor, each ballot to be labelled with proper party name); 97.021(17) (definition of "primary election" as used in the Code means election held preceding general election for purpose of nominating party nominee to be voted for in the general election to fill, inter alia, a county office); 98.161 (election of supervisor at general election); 100.031; 100.061; 100.081; 101.151, F.S.; contrast ss.105.10; 105.09; 105.071, F.S. (requiring candidacy for judicial office to be nonpartisan); s. 13, Art. V, State Const., and AGO 75-132. The courts have stated that the Legislature has power to regulate elections and that the statutory primary is an intrinsic part of the general election machinery. E.g., Treiman v. Malmquist, 342 So.2d 972 (Fla. 1977); State ex rel. Merrill v. Gerow, 85 So. 144 (Fla. 1920); Wagner v. Gray, 74 So.2d 89
(Fla. 1954); see also, s. 1, Art. VI, State Const. (elections shall be regulated by law).
In such a manner, pertinent provisions of the Election Code which are summarized above provide both expressly and by implication that the candidates for the constitutional, county office of supervisor of elections (with the exception of independent and write-in candidates) are to be nominated as party nominees in the primary elections on a partisan basis at the general election.
Moreover, I am informed that it is the position of the Division of Elections, which is responsible for interpretation and enforcement of the Election Code, that the code contemplates and provides for election of the supervisor of elections on a partisan basis. As the administrative construction of the law by the agency or officer charged with its interpretation and enforcement, that construction is entitled to deference unless clearly erroneous. Attorney General Opinion 85-102, and authorities cited therein. Therefore, I am of the opinion that The Florida Election Code contemplates the partisan election of the supervisor of elections and accordingly a county charter providing for the nonpartisan election of such an officer would be "inconsistent with general law."
QUESTION TWO
Your second question, as restated, asks whether the proviso contained in s. 1(d), Art. VIII, State Const., allows an amendment to a county charter to provide for the nonpartisan election of a county officer, such as the supervisor of elections.
For the following reasons, it is my opinion that this question should be answered in the negative.
Section 1(d), Art. VIII, State Const., provides in pertinent part:
COUNTY OFFICERS. There shall be elected by the electors of each county, for terms of four years, . . . a supervisor of elections, . . .; except, when provided by county charter or special law approved by vote of the electors of the county, any county officer may be chosen in another manner therein specified. . . . (e.s.)
The Supreme Court of Florida has interpreted the proviso language which is supplied emphasis above. In In re Advisory Opinion to the Governor, 313 So.2d 717 (Fla. 1975), the Court narrowly construed the proviso as allowing a county charter to provide "another manner than election for the selection of these officers." (e.s.)313 So.2d at 721. See also, AGO 81-7, p. 21 (s. 1[d], Art. VIII, State Const., provides for alternative procedure for choosing or selecting county officers); AGO 79-106. Thus, s. 1(d) of Art. VIII merely authorizes a charter providing for the selection of county officers in another manner than election; it does not authorize the charter to regulate the manner of election of these officers.
Such a construction that a charter amendment may not provide for an alternative manner of election, but only "another manner than election" is in accord with the position taken in the response to question one that s. 1, Art. VI, State Const., and its implementation, "The Florida Election Code," contemplate uniform, legislative regulation of elections. See, language of s. 1, Art. VI, to effect that elections shall be regulated by law. See also, Sadowski v. Shevin, 345 So.2d 330 (Fla. 1977), on remand,345 So.2d 815 (3 D.C.A.Fla., 1977); Treiman v. Malmquist, supra (legislative power to regulate elections); Wagner v. Gray, 74 So.2d 89
(Fla. 1954) (statutory primary is part of general election machinery); State ex rel. Limpus v. Newell, 85 So.2d 124, 127
(Fla. 1956) (constitutional provision regarding conduct [manner] of elections applies to primary as well as general election); Bowden v. Carter, 65 So.2d 871 (Fla. 1953) (constitutional provision for secret ballot applies to primary as well as general election); State ex rel. Merrill v. Gerow, supra (primary election laws and laws governing general elections are so interwoven that together they comprise the election machinery of the state).
In summary, it is my opinion that The Florida Election Code contemplates the partisan election of the supervisor of elections and accordingly, that a county charter providing for the nonpartisan election of such an officer would be "inconsistent with general law." Moreover, the proviso contained in the first sentence of s. 1(d), Art. VIII, State Const. (authorizing a county officer to be chosen, when provided for by county charter in "another manner therein specified") does not permit a county charter to provide for the nonpartisan election of a county officer such as the supervisor of elections, but does allow the charter to provide another manner than election for the selection of county officers.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General