STATE, *ex rel.* H. E. GANDY, v. HARVEY E. PAGE, County Judge of Escambia County, B. L. DAVIS, Supervisor of Registration of Escambia County, and H. A. BROSNAHAM, Chairman of County Commissioners of Escambia County, as and Constituting the COUNTY CANVASSING BOARD OF ESCAMBIA COUNTY.

169 So. 854.
Opinion Filed September 28, 1936.

352

*J. McHenry Jones, John L. Reese* and *Henry Botts,* for Relator;

*Philip D. Beall* and *William Fisher,* for Respondents;

*R. Pope Reese,* as *amicus curiae.*

DAVIS, J.—Gandy and Mays were candidates for nomination to the office of Sheriff of Escambia County at the second Democratic primary election held June 23, 1936. Gandy polled 5,828 votes and Mays polled 5,807 votes, ex-

clusive of certain "absentee" ballots that have been brought into controversy in this proceeding. Said absentee ballots were objected to and challenged by written protest signed and filed with the County Canvassing Board of Escambia County prior to the completion of the County canvass of votes cast for the office of sheriff and the object of this proceeding is to make such challenge and protest effective by means of a judicial command per mandamus to coerce the respondent members of the County Canvassing Board to reject the "absentee" ballots according to the ground of objection urged in the written challenges interposed thereto.

Attached to the alternative writ and made a part thereof is a list of challenged voters described as "Exhibit 1-A." Such list is as follows:

"Exhibit '1-A.'

| "Precinct | "Name and Address. |
|---|---|
| 30 | "Mrs. Ermelinda Rosasco, Washington. |
| 30 | Henry P. Rosasco, Washington. |
| 14 | L. F. Giarette, Hattiesburg, Miss. |
| 26 | Louise Smallwood Burd, Bethesda, Maryland. |
| 46 | T. E. Bledsoe, Washington. |
| 29 | Madge M. Cushman, Washington. |
| 42 | Dorothy Roberts, Washington. |
| 39 | Tom E. Williams, Hyattsville, Maryland. |
| 41 | James A. White, Washington. |
| 39 | Herbert Lindsay, Washington. |
| 27 | Wm. K. Mayes, Washington. |
| 39 | Mabel R. Robartson, Washington. |
| 39 | C. R. Swett, Washington. |
| 30 | Harry J. White, Washington. |
| 14 | D. C. Thornton, Washington. |
| 13 | Margaret R. Johnston, Washington. |
| 14 | Marion C. Hall, Washington. |

| | |
|---|---|
| 29 | Howland A. Sarra, Washington. |
| 13 | John C. Greene, Washington. |
| 13 | Bertha C. Greene, Washington. |
| 32 | Charles H. Cope, Washington. |
| 31 | Herman Engel, Washington. |
| 27 | Lois K. Mayes, Washington. |
| 27 | Charles A. Mayes, Washington. |
| 26 | Lena B. Hertner, Washington. |
| 34 | Annie T. Townsend, Washington, D. C. |
| 34 | Edgar W. Townsend, Washington. |
| 39 | Lucile Robertson, Washington. |
| 34 | Wm. J. Anderson, Washington. |
| 34 | Laura May Anderson, Washington. |
| 42 | Sherry T. McAdams, Jr., Washington. |
| 27 | Faith Binkley, Washington. |
| 13 | Hazel D. Johnston Miller, Washington. |
| 14 | Anna G. Ehrlich, Washington. |
| 14 | A. M. Ehrlich, Washington. |
| 27 | L. Grey Bell, Camden, N. J." |

The particular ground upon which the foregoing votes were challenged, and upon which they are contested in this proceeding is that each of the parties named in said list and whose ballots are involved in this contest were registered solely upon the provisions of Chapter 16987, Acts 1935, which Act relator alleges is unconstitutional and void because (a) said Act requires the registration of persons without the State of Florida by filing of an affidavit which does not comply with Section 3 of Article VI of the Constitution of Florida; (b) said Act requires registration of persons without the State of Florida in any primary, general, school, municipal or special election pursuant to a form of affidavit prescribed therein that does not contain any provision for an oath by the elector to protect and defend

the Constitution of the State of Florida nor any affirmation or oath that the elector is twenty-one years of age and entitled to vote under the Constitution and laws of the State of Florida; (c) that said Act is in conflict with Section 3 of Article VI of the Constitution of Florida. It is further alleged that none of the listed voters actually took or subscribed to the elector's oath required by Section 3 of Article VI of the Constitution of Florida.

The primary election laws are a part of the general election machinery of the State. Under their present effect as interpreted by this Court, no candidate is eligible to have his name printed on the general election ballot as a candidate for elective office in opposition to major parties' candidates, if the latter have been nominated in the general June biennial primary elections. Primary elections are, therefore, the beginning of the operation of the general election laws that must ultimately result in the actual choice of our elective public officers. As such our primary election law amounts to a policing and regulation of the method and means by which the political activities of the qualified electors defined by Section 1 of Article VI of the Constitution (who are *bona fide* members of the recognized major political parties of the State) are ultimately exerted in the final choice of elective officers.

The Constitution of Florida defines the qualifications of electors who may participate in general elections. Section 1 of Article VI. It likewise requires an official registration of all such qualified electors before they can be permitted to vote. Section 2 of Article VI. And as a condition precedent to such constitutionally required registration the Constitution further provides that all qualified voters who present themselves for registration under the law shall personally appear before the registration officer and there take

and subscribe before such officer the following oath set forth in Section 3 of Article VI:

"I do solemnly swear or affirm that I will protect and defend the Constitution of the United States and of the State of Florida, that I am twenty-one years of age, and have been a resident of the State of Florida for twelve months and of this county for six months, and I am qualified to vote under the Constitution and laws of the State of Florida."

That personal appearance before registration officers is required is clearly indicated in the last clause of Section 1 of Article VI which requires that in the event the person tendering himself to be registered shall be a naturalized citizen of the United States, that such applicant for registration shall produce "to" the registration officers his certificate of naturalization, etc. The registration officers contemplated by the Constitution are those who have been officially appointed and commissioned as such and who have qualified as public registration officers by taking the oath of office prescribed by Section 2 of Article XVI of the Constitution and whose acts are designed by law to be performed within the territorial limits of the State of Florida under the sanction and penalties of its laws and not mere official registrars.

Under Section 26 of Article III the Legislature is required to pass laws regulating elections and prohibiting under adequate penalties all undue influence thereon from power, bribery, tumult or other improper practice. As has been held by this Court, such section of the Constitution contemplates laws regulating primary elections as well as general elections because of the inevitable relationship of the two classes of elections to each other. Thus, the Legislature is authorized by said section of the Constitution to enact laws designed to confine participations in party primary elections to *bona fide* recognized members of the po-

litical parties required by law to participate in such legally sanctioned and regulated primary elections as may be provided for by statute. But the constitutional predicate for the authority of the State to deal at all by statute with the conduct of party primary elections is to be found only in the recognized fact that primary elections are merely a species of preliminary election set up by political parties to be participated in by party members who are otherwise qualified electors for the subsequent general elections by supporting therein the nominees selected at the primaries of their respective parties.

The act of registration of an elector is the first step in the process of voting, which is a sovereign act, in fact, the highest act of sovereignty that can be exercised by an American citizen. By taking that step, the applicant for registration vouches for his qualification to vote under the Constitution and laws of this State. It is contemplated by the Constitution, in the sections and articles hereinbefore cited, that such initial act of sovereignty on the eligible citizen's part shall be performed, like all other acts of State sovereignty, within the territorial jurisdiction of the State wherein registration is to be accomplished.

Only by taking that step, and by his acceptance and acknowledgment by the State through its duly constituted and qualified registration officers, that he is qualified under the Constitution and laws of the State to vote, can the citizen become an "elector," and thereby stand entitled to exercise his suffrage as such, on condition, however, that he comply with such other requirements of law as may be imposed upon him as a matter of policing the process by which he is authorized to cast his vote at a place and within the time, and subject to the regulations, provided by law to govern the elections themselves.

Chapter 16987, Acts of 1935, in terms authorizes the act

358

of registration to be performed outside the territorial juris-
diction of the State of Florida and therefore beyond the
ability to enforce against the registrant the sanction of, the
laws that are required to be passed by the Legislature under
Section 9 of Article VI and under Section 26 of Article III
of the Constitution to protect the "purity" of the ballot.
Under that Act persons outside the constitutional juris-
dicion of the. State of Florida to sanction oaths and to en-
force its criminal laws relating to the act of registration,
are permitted to perform the act of registration as an
"elector," which is a sovereign act, absent the contemplated
supervision of the State's registration officers.   In addition
to that, the Act in terms prescribes a form of elector's oath
wholly at variance with that prescribed and required by
Section 3 of Article VI of the Constitution, and thereby
entitles persons taking such unauthorized form of oath to
the privilege of an elector that could not be acquired by the
same applicant were the identical oath to be taken before a
Supervisor of Registration *within* the State.

So whether primary elections are in all respects to be con-
sidered constitutional elections or not within the purview
of some of the constitutional provisions relating to elections
as such, the citizen's act of registration as an "elector" is a
constitutional prerequisite to his becoming such elector.
Moreover, the act of registration is a sovereign act because
it is the citizen's initial step in the process of acquiring the
*right* to vote, as well as the elector's first step in the act of
voting be done at primary elections or general elections.

Registration of electors therefore being a sovereign act
contemplated to be performed in the acquirement of an of-
ficial State status, namely, that of a "qualified elector" under
the Constitution of Florida, must be performed within the
territorial limits of the State and cannot be authorized to
be performed outside the State and beyond the reach of

enforcement of its laws required by its Constitution to be passed in order to secure the citizens in their constitutional right to an undefiled suffrage. Such registration is certainly not authorized to be performed outside the State on less exacting requirements of the registrant, or absent the constitutional form of oath, that is required of persons registering in the State for like purposes.

We hold, therefore, that Chapter 16987, Acts of 1935, is unconstitutional and void in the particulars specified in the objections and challenges referred to in these proceedings and that the votes affected by each such protest and challenge, if the protest and challenge be found by the respondents well founded in fact, should be sustained and the votes affected thereby rejected in the final canvass.

The alternative writ is good at least as to that part of the relief sought with reference to objections based on the alleged invalidity of Chapter 16987, so the general demurrer to same will be overruled with leave to both relator and respondents to file such amendments and pleadings as they may be advised, relating to matters in issue, same to be done within ten days from this date.

ELLIS, P. J., and TERRELL, BROWN and BUFORD, J. J., concur.