85 So.2d 124 (1956)
STATE of Florida ex rel. Charles E. LIMPUS, Relator,
v.
Arthur W. NEWELL, as Clerk of the Circuit Court of Orange County, Florida, ex officio Clerk of the Board of County Commissioners of Orange County, Florida, Respondent.
Supreme Court of Florida. En Banc.
January 30, 1956.
*125 W.H. Poe and David W. Hedrick, Orlando, for relator.
Akerman, Dial & Akerman, Orlando, for respondent.
HOBSON and ROBERTS, Justices.
In original mandamus proceedings filed in this court, the relator seeks to compel the respondent, as Clerk of the Circuit Court of Orange County and ex officio Clerk of the Board of County Commissioners of that county, to accept the qualifying statement and fee required by law to qualify relator to enter the May 1956 primary for election as the Democratic nominee to the office of Clerk of the Criminal Court of Record of Orange County. The respondent *126 has declined to accept such qualifying statement and fee at this time on the ground that he is prohibited by the provisions of Chapter 29936, Laws of Florida, Acts of 1955, Section 99.061, Fla. Stat. 1955, F.S.A., from accepting such tenders or permitting relator to qualify as such candidate at any time prior to March 7, 1956. Relator contends, on the other hand, that Chapter 30233, Laws of Florida, Acts of 1955, is the statute applicable to the qualifying date for candidates for county office in Orange County, and that under such statute he is required to qualify before noon of February 1, 1956.
As noted, both statutes were enacted by the 1955 Legislature. Chapter 30233 is a "population act" applicable to counties having a population of not less than 113,000 and not more than 150,000 persons according to the last official census and is said to be presently applicable only to Orange, Palm Beach and Polk counties. Its purpose, as expressed in the preamble to the Act, was to give candidates for county offices in the affected counties "sufficient time between the qualifying date and the date of the primary election to canvass the electors within such counties," and to place them on the same footing, insofar as the qualifying date was concerned, as candidates for certain state-wide offices, named in the Act. Chapter 30233 was enacted into law on May 28, 1955. At that time, the general law relating to the qualifying dates for state and county offices, Section 99.061, Fla. Stat. 1953, prior to its amendment by Chapter 29936, supra, required candidates for state offices to qualify before noon of February 1st of the year in which the primary election was to be held, and candidates for county office to qualify by March 15th of such year. Chapter 30233 specifically provided that candidates for county offices in the affected counties should qualify "not later than noon, February 1 of the year in which any primary is held."
Chapter 29936, supra, was introduced in the Senate on May 28, 1955, and became a law on June 20, 1955. This Act amended the general election law in various respects and, by Section 4 thereof, amended Section 99.061, Fla. Stat. 1953, to change the qualifying dates for candidates to state and county offices. As amended, Section 99.061 establishes a 14-day period within which candidates for nomination to such offices shall qualify: as to state offices, between the 77th and the 63rd days prior to the date of the first primary election, and as to county offices, between the 63rd and 49th days prior to such election. It was also provided in the amendatory Act (as a part of Subsection (3) of Section 4 of Chapter 29936, supra) that
"Counties having the same filing dates for state and county candidates according to acts which so provide for such counties by population classification or local law shall continue to have the same filing date for all candidates as provided for candidates for state offices."
It is here contended on behalf of respondent that he was not required to comply with the provisions of Chapter 30233 because the Act contravenes Sections 20 and 21 of Article III of our Constitution, F.S.A. and is thus void and inoperative, and that, even if constitutional, its provisions have been repealed or amended by Chapter 29936, supra.
The real purpose of this litigation is to have this court determine the qualifying dates for candidates for county offices in those counties which at the time of the enactment of Chapter 29936, supra, had "the same filing dates for state and county candidates according to acts which so provide for such counties by population classification or local law * * *." In the light of the conclusion which we have reached, it becomes unnecessary for us to discuss the former contention of the respondent hereinabove set forth. We shall direct our attention to respondent's latter contention that the provisions of Chapter 30233, supra, have been repealed or amended by Chapter 29936, supra.
We find it necessary, in order to answer fully the real query presented, to focus our attention upon that portion of Subsection (3) of Section 4 of Chapter 29936, quoted *127 above, and to consider the constitutionality thereof.
It is clear that the Legislature designated the counties which had "the same filing dates for state and county candidates according to acts which so provide for such counties by population classification or local law * * *" as specifically as if it had named each of them. Our research discloses that according to the latest official census there are at least two of the so-called larger counties, namely Escambia and Pinellas, which do not have population or local laws with reference to the qualifying dates of candidates for county office. So included in the classification of counties attempted to be exempted from the provisions of Chapter 29936, supra, we find not only the three largest counties in the state grouped therein, but with said counties we find others included in the classification which are smaller in population than Pinellas County, which does not have a population or local law upon the subject of the dates for qualification of candidates for county office. It is probably true that the classification attempted would have been constitutional and valid had it contained a given number of the largest counties in this state, upon the theory that in such large counties a greater period of time between the qualifying date and the date of the primary election for candidates for county offices to canvass the electors would be needed and hence should be granted. This premise would probably furnish a reasonable basis for the classification. It is obvious, however, that the classification here attempted is arbitrary and unreasonable, since at least one county, larger, for instance, than some of those affected by Chapter 30233, and several other local or population laws, is excluded from the group. We cannot pick out and exclude from the group or classification those counties, such as Orange, Palm Beach and Polk, for which there is no reasonable basis of classification or exception and leave therein the large counties for which there is a reasonable basis of classification. Such action would be judicial legislation of the most rank order.
We have consistently held, consonant with our constitutional provisions, Sections 20 and 21, Article III, that a general law, such as the one here under consideration, which fails to operate uniformly throughout the state is unconstitutional and invalid unless it contains a classification predicated upon a reasonable basis. In re Rouse, Fla., 66 So.2d 42; Lindsay v. City of Miami, Fla., 52 So.2d 111; Waybright v. Duval County, 142 Fla. 875, 196 So. 430; State ex rel. Baker v. Gray, 133 Fla. 23, 182 So. 620.
Primary elections are not expressly mentioned in Sections 20 and 21, Article III or any other sections of our Constitution; and because of the inherent differences between a primary and general election, it has been held by this court that an organic provision relating to "elections" does not necessarily comprehend a "primary election". Cf. Wagner v. Gray, Fla. 1954, 74 So.2d 89, upholding a general law requiring a majority vote in a primary election for the nomination by political parties of candidates to public office, as against the contention that the Act contravened Section 8 of Article XVI of the Constitution; and Bowden v. Carter, Fla. 1953, 65 So.2d 871, upholding a general law requiring an oath of party fealty as a condition precedent to voting in a primary election, as against the contention that the Act violated Sections 1 and 6 of Article VI. But, in construing other provisions of our organic law, this court has many times held that the primary election laws are a part of the general election machinery of the state. In re Hawthorne, 116 Fla. 608, 156 So. 619, 96 A.L.R. 572; State ex rel. Gandy v. Page, 125 Fla. 348, 169 So. 854; State ex rel. Merrill v. Gerow, 79 Fla. 804, 85 So. 144; Ervin v. Richardson, Fla. 1954, 70 So.2d 585. "Primary election laws and laws governing general elections are so interwoven that together they comprise the election machinery of the state * * *." State ex rel. Merrill v. Gerow, supra, 79 Fla. 804, 85 So. 144, 146. "Primary elections are therefore the beginning of the operation of the general election laws that must ultimately result in the *128 actual choice of our elective public officers." Bowden v. Carter, supra, 65 So.2d 871, 875, citing State ex rel. Gandy v. Page, supra, 125 Fla. 348, 169 So. 854. This being so, it is no less necessary to have uniformity of operation in a law relating to the opening and conducting of a primary election than in one relating to the opening and conducting of a general election.
We hold, then, that the requirement of Section 20 of Article III as to the "opening and conducting [of] elections" applies to primary elections, as well as general elections. We conclude that that portion of Subsection (3) of Section 4 of Chapter 29936, supra, quoted hereinabove, is unconstitutional and invalid.
We now turn to the suggestion that Chapter 29936, supra, must be held unconstitutional and invalid in toto if the quoted portion of Subsection (3) of Section 4 of said Chapter be unconstitutional, because said Chapter 29936, supra, does not contain a so-called severability clause. We have held that it is not always necessary to declare an entire Act invalid where a portion thereof is unconstitutional simply because the Act does not contain a severability clause. State v. Calhoun County, 126 Fla. 376, 170 So. 883, 886, and cases therein cited. The test is whether this court can say that the Legislature would not have enacted the law under scrutiny except for the provision which is herein held unconstitutional and invalid. We have no difficulty in determining that the primary intention of the Legislature by the enactment of Chapter 29936, supra, was to make uniform throughout the state the qualifying dates for candidates for state offices on the one hand and candidates for county offices on the other. This is exactly what every general law of this nature is supposed to do, and it can be otherwise only in the event the Legislature sets up an exception in the nature of a classification which is predicated upon a reasonable basis therefor.
We hold that the quoted portion of Subsection (3) of Section 4 of Chapter 29936, supra, may be expunged by virtue of its unconstitutionality without destroying the primary legislative intent. Indeed, the only intent which can be gleaned and which could be destroyed would be the intent to enact an unconstitutional and invalid proviso or exception. It is obvious that the quoted portion of Subsection (3) of Section 4 of Chapter 29936, supra, was no more than a secondary intention or, perhaps, "afterthought" of the Legislature and is not a necessary or essential part of the Legislature's primary intent.
Although Chapter 29936, supra, does not contain an express provision repealing all laws in conflict therewith, we hold that it does so by virtue of the fact that upon a careful analysis of Chapter 29936, supra, we have reached the conclusion that it is in fact a restatement or general revision of the election laws of this state. This being true, it has the effect of repealing all local laws upon the same subject. Brevard County v. Board of Public Instruction of Brevard County, 159 Fla. 869, 33 So.2d 54; City of Miami v. Kichinko, 156 Fla. 128, 22 So.2d 627; American Bakeries Co. v. City of Haines City, 131 Fla. 790, 180 So. 524; State ex rel. First Savings & Trust Co. of Tampa v. Sholtz, 125 Fla. 361, 169 So. 849; Langston v. Lundsford, 122 Fla. 813, 165 So. 898; Sanders v. Howell, 73 Fla. 563, 74 So. 802.
It is our conclusion that the quoted portion of Subsection (3) of Section 4 of Chapter 29936, supra, is unconstitutional and invalid for the reasons aforestated and that it may be deleted from the Act without necessitating a holding that the entire Chapter 29936 is unconstitutional. We further conclude that the remainder of Chapter 29936 effectively repealed the local election law under consideration herein. The result of our holding is that in all counties of Florida the candidates for nomination to a county office must qualify at some time "after noon of the first filing date, which shall be the sixty-third (63rd) day prior to the first primary, but not later than noon of the forty-ninth (49th) day prior to the date of the first primary in the year in which any primary is held". We are of the *129 firm conviction that the original, clear and salutary intention of the Legislature will be carried forward by our ruling because under the valid provisions of Chapter 29936, supra, there will be uniformity throughout the state in the qualifying dates for candidates for state offices and likewise there will be uniformity throughout the state with reference to the qualifying dates for candidates for county offices.
We therefore hold that the relator is not entitled to the mandatory relief prayed for and the pereptory writ must be and it is hereby, denied and the cause dismissed.
It is so ordered.
DREW, C.J., and THOMAS, THORNAL and O'CONNELL, JJ., concur.
TERRELL, J., not participating.