**Richard H. M. SWANN, Plaintiff,**

**v.**

**Tom ADAMS, Secretary of State of the State of Florida, the Supervisor of Elections of Dade County, Florida, the Supervisor of Registration of Broward County, Florida, and the Supervisor of Registration of Monroe County, Florida, Defendants.**

Civ. No. 186-62.

United States District Court
S. D. Florida.

Feb. 13, 1967.

See also, 383 U.S. 210, 86 S.Ct. 767, 15 L.Ed.2d 707.

Paul & Sams (by Daniel P. S. Paul), Miami, Fla., for plaintiff Richard H. M. Swann.

Earl Faircloth, Atty. Gen., State of Florida, Tallahassee, Fla., for defendant Tom Adams. John E. Mathews, Jr., Jacksonville, Fla., Joseph C. Jacobs, J. Lewis Hall, Tallahassee, Fla., all Associate Counsel for defendant Tom Adams.

John U. Lloyd, Ft. Lauderdale, Fla., for Hon. L. B. Gates, Supervisor of Registration of Broward County, Florida.

Thomas C. Britton, Miami, Fla., for Hon. Claude Brown, Supervisor of Registration of Dade County.

Paul E. Sawyer, Key West, Fla., for Hon. W. B. Freeman, Supervisor of Registration of Monroe County. John A. Madigan, Jr., Tallahassee, Fla., Associate Counsel for Hon. W. B. Freeman, Supervisor of Registration of Monroe County.

Halley B. Lewis, Ft. Myers, Fla., Mallory E. Horne, Tallahassee, Fla., William G. O'Neill, Ocala, Fla., amici curiae.

Before JONES, Senior Circuit Judge, DYER, Circuit Judge, and McRAE, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PER CURIAM.

The Court having heard oral arguments and considered the briefs of the parties and amici curiae makes the fol-

lowing Findings of Fact and Conclusions of Law:

### Findings of Fact

1. House Bill 17X (66), Chapter 1, Florida Laws 1966, was found unconstitutional by the Supreme Court of the United States on January 9, 1967, (385 U.S. ——, 87 S.Ct. 569, 17 L.Ed.2d 501).

2. Senate Bill 8X (67) has variations in the Senate from districts which are 9.20% under represented to 10.56% over represented, or a total variation of 19.-76% from the largest Senatorial districts to the smallest Senatorial district. In the House of Representatives the variation is from three districts which are 9.98% under represented to one district which is 16.15% over represented, or a total variation from the largest to the smallest district of 26.12%.

3. A weighted voting plan proposed by the Secretary of State of the State of Florida provided for the weight of the vote of each member in the Florida Legislature under House Bill 17X to be determined by taking the percentage of the average population per member as it related to the total state population and by applying that percentage to the total membership of each body.

4. A plan was proposed to apportion the Legislature on the basis of population estimates for the year 1965.

5. Proposals for at large elections and various plans rearranging House and Senate districts which would increase or decrease the size of the Legislature were submitted.

### Conclusions of Law

1. The Court has jurisdiction of the parties and subject matter.

2. The State has failed to present, and the Court is unable to articulate, acceptable reasons for variations among the populations of the various districts in the plans of the Legislature for apportionment.

3. Proposals for at large elections and for weighted or fractional voting are impractical and of doubtful validity and are therefore rejected.

■ 4. Proposals for apportionment based upon population estimates for the year 1965 are rejected, because the evidence of their accuracy is insufficient and, further, because the use of the Federal decennial census is provided by Section 5, Article VII, of the Florida Constitution, F.S.A. The Federal decennial census meets the minimal requirements of the equal protection clause.

■ 5. Judicial apportionment of the Florida Legislature is required. The Legislature of the State of Florida shall be reconstituted and reapportioned as set forth in the plan of apportionment in this Court's order of February 8, 1967, providing for 48 Senate districts and 119 House of Representative districts.

6. The judicial apportionment plan contains no more than de minimis departures from population equality. Such variations as exist result from and are required by the desirability for maintaining compactness and contiguity and the following of county lines as the boundaries of legislative districts. There are no residence requirements within particular counties of a district or grandfather clauses.

7. To implement the plan of apportionment primary and general elections shall be held in time for the reapportioned and reconstituted Legislature to meet in its regular session on April 4, 1967.

8. Terms of all legislators elected in 1967 shall expire with the general elections of 1968.

9. The Legislature, as reapportioned and reconstituted, may exercise all of the valid powers of a Florida Legislature granted by the Florida Constitution or otherwise.

### FINAL JUDGMENT

It is hereby ordered, adjudged and decreed:

1. The Legislature of the State of Florida is hereby reconstituted and reap-

portioned into and by the creation of 48 Senatorial districts and 119 House of Representatives districts; that is to say:

(a) In the Senate the districts shall be numbered, defined and composed as follows:

| District No. | Counties | No. of Seats |
|---|---|---|
| 1, 2 | Escambia, Santa Rosa | 2 |
| 3–5 | Okaloosa, Walton, Holmes, Washington, Calhoun, Leon, Gadsden, Bay, Jackson | 3 |
| 6 | Columbia, Suwannee, Hamilton, Madison, Taylor, Jefferson, Wakulla, Franklin, Gulf, Liberty | 1 |
| 7 | Gilchrist, Alachua, Bradford, Levy, Dixie, Lafayette | 1 |
| 8–12 | Duval, Baker, Union, St. Johns, Nassau | 5 |
| 13 | Clay, Flagler, Putnam, Marion | 1 |
| 14, 15 | Citrus, Hernando, Lake, Sumter, Volusia | 2 |
| 16–18 | Orange, Seminole | 3 |
| 19–22 | Pinellas, Pasco | 4 |
| 23–26 | Hillsborough | 4 |
| 27, 28 | Osceola, Polk | 2 |
| 29, 30 | Brevard, Indian River, Martin, Okeechobee, St. Lucie | 2 |
| 31 | Manatee, Hardee, Highlands | 1 |
| 32 | Charlotte, DeSoto, Sarasota | 1 |
| 33–35 | Glades, Hendry, Lee, Palm Beach | 3 |
| 36–39 | Broward, Collier, Monroe | 4 |
| 40–48 | Dade | 9 |

(b) In the House of Representatives the districts shall be numbered, defined and composed as follows:

| District No. | Counties | No. of Seats |
|---|---|---|
| 1–4 | Escambia | 4 |
| 5–7 | Santa Rosa, Okaloosa, Walton, Holmes, Washington | 3 |
| 8, 9 | Bay, Gulf, Calhoun | 2 |
| 10, 11 | Liberty, Jackson, Gadsden | 2 |
| 12, 13 | Franklin, Wakulla, Leon | 2 |
| 14 | Jefferson, Madison, Taylor, Lafayette | 1 |
| 15 | Suwannee, Dixie, Hamilton, Gilchrist, Levy | 1 |
| 16, 17 | Nassau, Baker, Columbia, Bradford, Union, Clay | 2 |
| 18–28 | Duval | 11 |
| 29–31 | Alachua, Marion | 3 |
| 32–34 | Putnam, Flagler, St. Johns, Lake | 3 |

| District No. | Counties | No. of Seats |
|---|---|---|
| 35–37 | Volusia | 3 |
| 38–45 | Orange, Seminole | 8 |
| 46–54 | Pinellas | 9 |
| 55–59 | Polk, Sumter | 5 |
| 60–70 | Hillsborough, Citrus, Pasco, Hernando | 11 |
| 71–74 | Brevard, Osceola, Indian River, Okeechobee | 4 |
| 75 | St. Lucie | 1 |
| 76–81 | Martin, Palm Beach | 6 |
| 82–89 | Broward | 8 |
| 90–111 | Dade | 22 |
| 112–114 | Collier, Glades, Hendry, Lee, Monroe | 3 |
| 115, 116 | Hardee, Manatee | 2 |
| 117–119 | DeSoto, Highlands, Charlotte, Sarasota | 3 |

2. There shall be primary and general elections in all of the districts under the foregoing reapportionment, including those districts where no changes are made in boundaries or numbers of legislators.

3. The defendant Tom Adams, as Secretary of State of the State of Florida and Supervisor of State Elections, is directed to order primary and general elections in all legislative districts as soon as may be reasonably done. Such primary and general elections shall be held in accordance with all constitutional and statutory provisions governing elections in Florida not in conflict with this judgment. The elections shall be held at such times as will permit the reapportioned legislature to convene in April, 1967 as provided by the Florida Constitution.

4. The terms of all legislators elected pursuant to this judgment shall expire with the general elections in 1968.

5. The reapportioned and reconstituted legislature to be elected as provided herein may exercise any and all of the powers of a Florida Legislature granted by the Florida Constitution or otherwise.

6. Nothing herein contained shall be construed to set aside or render invalid any of the governing provisions of the Florida Constitution and Statutes except those in conflict with the terms of this judgment. All the terms and provisions of this judgment shall be interpreted in such manner as will not be deemed in conflict with the provisions of the Florida Constitution and Statutes whenever and wherever possible. This judgment shall be interpreted as requiring no more departures from the procedures prescribed in the Florida Constitution and Statutes than are necessary under the circumstances.

7. The Court retains jurisdiction for such further implementation of this judgment as may be necessary.