**J. Roger GUNDERSON et al., Plaintiffs,**

**v.**

**Tom ADAMS as Secretary of State of the State of Florida et al., Defendants.**

**Civ. No. 69–1370.**

United States District Court,
S. D. Florida.

June 2, 1970.

---

Richard H. W. Maloy, Coral Gables, Fla., for plaintiffs.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., for Tom Adams as Secretary of State.

Thomas C. Britton, Dade County Atty., Miami, Fla., for Martin Braterman as Supervisor of Elections.

Before DYER, Circuit Judge, and Mc-RAE and MEHRTENS, District Judges.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

PER CURIAM.

Plaintiffs, Republican electors, seek to have declared unconstitutional and to enjoin the enforcement of Florida statutes relating to apportionment of legislative districts in Dade County. They also request the Court to order the Florida Legislature to re-district these districts pursuant to a plan they have prepared. The legislation under attack stems from the judgment of the three-judge United States District Court in Swann v. Adams, 263 F.Supp. 225, wherein that court held that judicial apportionment of the Florida Legislature was required and that the Legislature be reconstituted and re-apportioned as set forth in the plan of apportionment approved by that court. The Florida Legislature thereafter re-enacted the court-approved plan into law (F.S. 10.-001–10.031, F.S.A.). The Legislature therefore is initially a creature of that court which addressed itself specifically to the task of fashioning a valid legis-lative structure. Swann v. Adams has not been reversed or modified in any manner.

The plaintiffs claim that the multi-member re-districting of state senators and state representatives from Dade County denies them equal protection of the laws. Specifically, they claim that because the Dade delegates are elected from the county at large, they cannot elect Republican officials, even though the particular area in which they live has consistently voted Republican, the reason of course being that the remainder of Dade County is heavily Democratic in its voter preferences.

The plaintiffs have moved for summary judgment. The defendants have moved to dismiss or in the alternative for judgment on the pleadings.

■■ On examination of the entire record the Court finds that the plaintiffs have wholly failed to establish that the multi-member districting plan which was the product of a three-judge district court was a device or contrivance to sanction continuing discrimination against Republicans and Republican constituents or that the court-approved plan invidiously discriminated against them in any manner. Accordingly, the Court holds that the present legislative structure meets constitutional requirements to afford the plaintiffs and others similarly situated equal protection of the law.

The Court further takes judicial notice of the fact that the basic relief sought by the plaintiffs, that is, a re-apportionment wherein the various legislative districts would be composed of a proportionate equal number of Democrats or Republicans, or nearly so, would be to require the Legislature to adopt a plan which would necessitate almost daily changes as families move in or out of districts and still be subject to the same claims of invalidity by members of political parties other than Democrats or Republicans. Further, if the plaintiffs' claims were valid in Dade County, they likewise would be valid in Broward and Pinellas Counties where, unlike

Dade, the majority of registered voters are Republicans rather than Democrats.

Accordingly, it is

Ordered, adjudged and decreed that the plaintiffs' motion for summary judgment be and it hereby is denied, and that the defendants' motion for judgment on the pleadings be and it hereby is granted, and judgment for the defendants is hereby entered.