SMITH, Judge.
Appellant urges the trial court erroneously denied his motion to suppress. A search warrant was issued by a county court judge on Saturday night and was executed by service on appellant and by search and seizure begun shortly after midnight on Sunday morning. The warrant authorized execution on Sunday. The underlying affidavit did not, however, recite a reason purporting to justify execution of the warrant on Sunday. Section 48.20, Florida Statutes (1975) provides:
“Service or execution on Sunday of any writ, process, warrant, order or judgment is void . . . . If affidavit is made by the person requesting service or execution that he has good reason to believe that any person liable to have any such writ, process, warrant, order or judgment served on him intends to escape from this state under protection of Sunday, any officer furnished with an order authorizing service or execution by the judge or magistrate of any incorporated town may serve or execute such writ, process, warrant, order or judgment on Sunday, and it is as valid as if it had been done on any other day.”
We conceive that execution of the warrant early Sunday morning was justified by its explicit language, notwithstanding the absence of an affidavit satisfying Section 48.20. We need not pause to inquire why that statute, originally enacted in 1828, seems to pertain only to warrants issued by a “judge or magistrate of any incorporated town.” Section 933.101, Florida Statutes (1975), enacted in 1957 to deal particularly with search warrants rather than with writs generally, provides:
“A search warrant may be executed by being served on Sunday, if expressly authorized in such warrant by the judge or magistrate issuing the same.”
The later, more specific expression of the legislative will controls. See Mann v. Goodyear Tire & Rubber Co., 300 So.2d 666 (Fla.1974). Service of the warrant on Sunday morning was proper.
Appellant contends also that the affidavit supporting the warrant was substantially insufficient. It was sufficient.
AFFIRMED.
RAWLS, Acting C. J., and McCORD, J., concur.