Andrew B. Thomas Attorney for Orange County School Board Orlando
QUESTION:
What is the proper criterion for apportioning or reapportioning district school board member residence areas for the purpose of nominating and electing school board members in the Orange County School Distrlct?
SUMMARY:
Until legislatively or judicially determined otherwise, ch. 77-276, Laws of Florida, codified as s. 230.061(1), F. S., which mandates apportionment on an equality of population basis, may well be held by the courts to have prescribed the only rule governing the criterion or formula for the apportionment or reapportionment of district school board member residence areas or district throughout the district school system and, to that extent, may well operate to impliedly amend or modify ch. 63-1712, Laws of Florida, in that particular; however, ch. 63-1712, which requires apportionment on an equality of qualified elector basis, is a presumptively valid subsisting law until such time as determined otherwise by the courts. The determination of the validity or invalidity of apportionment plans prescribed by special laws under federal constitutional provisions and formulas set by the United States Supreme Court is beyond the authority of the Attorney General and is the prerogative of the federal and state judiciary. In order to avoid costly and unwarranted litigation, the proper and recommended procedure for the Orange County School Board to follow in changing the boundaries of the residence areas or districts in that school district in 1981 is that prescribed by s. 230.061(1), i.e., redistricting on an equal population basis rather than on a qualified elector basis as prescribed by ch. 63-1712.
Prior to its amendment, s. 230.04, F. S. 1961, specified that a county school board in each county in the state be composed of five members; and s. 230.061, F. S. 1961, prior to its amendment, prescribed five county school board member residence districts, requiring that each such district be composed as nearly as practicable of the same number of qualified electors. Chapter 63-1712, Laws of Florida, increased the membership of the County Board of Public Instruction of Orange County to seven members, requiring each member to be a resident of the residence district from which elected. It further required the board of public instruction to divide the county into seven school board member residence districts `so as to place in each district, as nearly as practicable, the same number of qualified electors.' (Cf. AGO 069-28, concluding that a county school board could not continue to use the county commission districts as a basis for county school board member residence districts unless such districts happened to contain a nearly equal number of qualified electors, and Board of Public Instruction of Dade County, et al. v. State exrel. Hunter, 7 So.2d 105 (Fla. 1942), holding that when a statute directs division into school board election districts on the basis of equality of qualified electors, a school board is bound to fix boundaries of districts solely on that basis.) Chapter 63-1712 also authorizes the board to make any changes it deems necessary in the boundaries of any such board member residence district provided that such changes be made only in odd-numbered years. The election of such board members is required to be by vote of the qualified electors of the entire county, and each candidate qualifying to have his name on the ballot of the general election must be listed according to the county board member residence district in which he resides. The board, and each member thereof, represents the entire county. (Cf. AGO 061-67, stating that official action relating to any member district in the county must be accomplished by the board rather than delegated to the member living in the district. The individual board members must recognize their responsibility to the entire county school system.) Insofar as material to this opinion, the pertinent provisions of ch. 63-1712 relating to the apportionment and reapportionment of the county school board member residence districts on an actual or qualified voter basis are essentially the same as the counterpart provisions found in ss. 230.04-230.061, F. S. 1961.
Former county boards of public instruction were of statutory origin, and members of such boards were statutory elective officers. See, e.g., Advisory Opinion to the Governor,19 So.2d 198 (Fla. 1944), and In re Advisory Opinion to the Governor,46 So.2d 21 (Fla. 1950). Under the 1968 revision of the State Constitution, members of district school boards are constitutional elective officers. Section 4, Art. IX, State Const. District school boards, albeit creatures of the Constitution, are part of the machinery of government exercising, pursuant to legislative authority, such part of the governmental powers of the state as conferred upon them by law. Cf. AGO 075-148; and see ss. 228.041(2), (3), and (8), 230.01, and 230.03, F. S. Section 4(a), Art. IX, State Const., specifies that district school boards shall be composed `of five or more members, chosen by vote of the electors . . . as provided by law,' but the residence requirements of district board members are left up to general law. See
Commentary to s. 4, Art. IX, State Const., 26A F.S.A. at p. 370, and cf. State ex rel. Askew v. Thomas, 293 So.2d 40, 42-43 (Fla. 1974).
*3939 As observed by my predecessor in AGO 078-32, the apportionment of school board member residence areas prior to an election does not form a part of the election; apportionment or reapportionment is a geographical division of territory, not an election. Assuming, arguendo, that school districts and school boards are not included in the enumerated governmental agencies excepted from the operation of s. 11(a)(1), Art. III, State Const. (prohibiting special laws pertaining to the `election . . . of officers'), that constitutional proscription does not embrace such subjects as residence requirements, qualifications for office, or redistricting of school board member residence areas. Cf. AGO 078-32, and State ex rel. Askew v. Thomas, supra, at p. 42. Thus, s. 11(a)(1), Art. III, would not appear to preclude passage of an otherwise valid special law providing for the reapportionment or redistricting of district school board member residence areas in Orange County. See also School Board of Escambia County v. State,353 So.2d 834 (Fla. 1977), implicitly if not explicitly holding that a provision of a special act of the 1976 Legislature increasing the membership of the school board of the school district to seven members, who the two additional members to be elected at large, was consistent with s. 4, Art. IX, State Const., and s. 230.04, F. S. 1975; did not constitute the sort of nonuniformity proscribed by s. 1, Art. IX, State Const.; and therefore was not violative of s. 11(a)(1), Art. III, or ss. 1 and 4(a), Art. IX. Cf. s. 230.061(1)(b), F. S. No other provisions of the Constitution purport to provide for or inhibit the enactment of special laws prescribing the criterion for the apportionment or reapportionment of school board member residence areas. Section 6, Art. XII, State Const., preserves in effect and force all laws in effect upon the adoption of that revision. Since existent judicial precedents appear to sustain the validity of special acts such as ch. 63-1712, Laws of Florida, (if otherwise valid) under s. 20, Art. III, State Const. 1885, and s. 11(a)(1), Art. III, and since neither s. 1 (other than `uniform system' standard therein prescribed) nor s. 4 of Art. IX, requires or specifies that legislative action thereunder be taken by the enactment of a general law, I am unable to say that ch. 63-1712 is not a valid subsisting law under the Constitution; it would appear to have been preserved in force and effect by s. 6, Art. XII. The question of the controlling criterion for the apportionment or reapportionment of the school board member residence areas, i.e., equal population basis as opposed to equal qualified elector basis, is primarily governed by the United States Constitution and the one-person, one-vote principle established by the federal courts. In any event, the determination of the validity of legislation under the United States Constitution or State Constitution is not the province of this office but that of the federal and state judiciary. Moreover, ch. 63-1712 is presumptively valid until judicially declared to be invalid. See
Evans v. Hillsborough County, 186 So. 193 (Fla. 1938), and White v. Crandon, 156 So. 303 (Fla. 1934).
Chapter 77-276, Laws of Florida, is an act `relating to the district school system [see s. 228.041(2) and (3), F. S.]; amending s. 230.061(1), Florida Statutes, requiring district school board member residence areas to be based on population rather than on the number of qualified electors . . . .' See title of ch. 77-276. Section 230.061(1) was amended to read:
 (1) For the purpose of nominating and electing school board members, each district shall be divided into at least five district school board member residence areas, which shall be numbered one to five, inclusive, and which shall, as nearly as practicable, be equal in population.
 (a) For those school districts, which have seven school board members, the district may be divided into five district school board member residence areas, with two school board members elected at large, or the district may be divided into seven district school board member residence areas. In the latter case, the residence areas shall be numbered one to seven inclusive and shall be equal in population as nearly as practicable.
 (b) For those school districts which have seven school board members, the number of district school board member residence areas shall be determined by resolution passed by a majority vote of the district school board. No district school board shall be required to change the boundaries of the district school board member residence areas in accordance with the provisions of this act prior to July 1, 1981.
Earlier, ch. 69-172, Laws of Florida, had amended s. 230.04, F. S., to provide that district school boards were to be composed of not less than five members, each of whom must be a resident of the school board member residence area from which elected `as hereinafter prescribed [see s. 230.061, F. S. 1977], unless otherwise provided by law.' Chapter 77-276 further provides in s. 2 that no district school board shall be required to change the boundaries of the district school board member residence areas in accordance with the provisions of that statute before July 1, 1981. For those school districts which have seven board members, the number of board member residence areas is to be determined by resolution passed by a majority vote of the district school board.See s. 230.061(1)(b).
Insofar as ch. 63-1712, Laws of Florida, specifies that the designated county board of public instruction member residence districts be apportioned or reapportioned on the basis of the number of qualified electors within such residence districts, that statute irreconcilably conflicts with whose provisions of s. 230.061(1), F. S., providing that all school districts, whether divided into five or seven board member residence areas, shall be apportioned or divided into board member residence areas which shall as nearly as practicable be equal in population. Cf. AGO 069-28. Sections 230.04 and 230.061, F. S., are the latest expression of the Legislature's will and, ordinarily, would prevail over the irreconcilably conflicting or repugnant provisions of earlier statutes. see Stewart v. Deland-Lake Helen Special Road and Bridge Dist. in Volusia County, 71 So. 42 (Fla. 1916); DeConingh v. City of Daytona Beach, 103 So.2d 233 (Fla. 1958); State ex rel. Ashby v. Haddock, 140 So.2d 631 (Fla. 1962); and Laramore v. State, 342 So.2d 90 (Fla. 1977).
Your inquiry suggests that, because the precedent act (ch. 63-1712, Laws of Florida) is special or particular, the general law (ss. 230.04 and 230.061, F. S.) does not operate to impliedly modify or repeal the special law to the extent of the conflicting provisions. See American Bakeries Co. v. Haines City, 180 So. 524
(Fla. 1938); Harley v. Board of Public Instruction of Duval County, 103 So.2d 111 (Fla. 1958); and Panzavecchia v. State,201 So.2d 726 (Fla. 1967).
You further submit for my consideration State ex rel. Limpus v. Newell, 85 So.2d 124 (Fla. 1956), which is inapposite to the question posed in your letter. Newell dealt with a conflict between a so-called population act applicable to counties in certain population brackets, the sole purpose of which was to alter the qualifying dates for candidates for county officers in primary elections in counties to which such act was applicable, and a general law relating to the qualifying dates for both state and county officers in primary elections. The population act provided for a specific date for county officers to qualify for primary elections, and the general law provided for a different date for county officers to qualify for primary elections. TheNewell court construed the term `election,' in a provision concerning `opening and conducting elections for state and county officers,' in the predecessor to s. 11(a)(1), Art. III, State Const., to include primary as well as general elections and, accordingly, found the questioned statutory provision (population act) invalid. See also School Board of Escambia County v. State,supra, at p. 839, distinguishing Newell from several decisions of the court involving both special and general laws applicable to school boards and construing s. 1, Art. XII, State Const. 1885, and s. 1, Art. IX, State Const., and the `uniform system' or `nonuniformity provision' prescribed thereby.
As noted above, the controlling criterion for districting or redistricting school board member residence areas is bottomed on the one-person, one-vote concept under federal constitutional provisions as enunciated by the federal courts, e.g., see Reynolds v. Sims, 377 U.S. 533 (1964), relating to population equality for state apportionment or reapportionment legislation. See also Swann v. Adams, 385 U.S. 440 (1967), holding that the Florida Legislature's apportionment plan was invalid because it did not conform to the rule of Reynolds v. Sims and cf. Swann v. Adams,263 F. Supp. 225 (1967). I must assume that the Legislature was familiar with the federal constitutional provisions and United States Supreme Court decisions on which Swann v. Adams was based in 1977 when it enacted ch. 77-276, Laws of Florida. The equal population rule has since been extended to local governmental units. See Avery v. Midland County, 390 U.S. 474, 481, 484-485
(1968) (equal population basis of one-person, one-vote principle extended to districts for all `units of local government having general governmental powers over the entire geographic area served by the body'); Hadley v. Junior College Dist., 397 U.S. 50 (1970) (applying the one-person, one-vote doctrine to trustees of a school district operating a junior college); and Perry v. City of Opelousas, 515 F.2d 639, 641 and n. 2 (5th Cir. 1975) (court-ordered city council districts based upon population figures).
The Legislature is presumed to have knowledge of existing law and judicial decisions on the subject concerning which is subsequently enacts a statute. See Williams v. Christian, 335 So.2d 358 (1 D.C.A. Fla., 1976); Main Ins. Co. v. Wiggins, 349 So.2d 638 (1 D.C.A. Fla., 1977); Williams v. Jones, 326 So.2d 425 (Fla. 1970), and Adler-Built Industries Inc. v. Metropolitan Dade County,232 So.2d 437 (Fla. 1970), which, by analogy, in light of the aforementioned considerations, indicates or calls for application of the same rule to presumed knowledge of existing federal constitutional and case law. With this presumed knowledge and against the backdrop hereinbefore discussed, the Legislature undertook the enactment of ch. 77-276, Laws of Florida, codified as s. 230.061, F. S. As noted above, ch. 77-276 is an act relating to the district school system; it amended s. 230.061(1) to require school board member residence areas to be based on population rather than on the number of qualified electors. The enacting provisions of the act conform to the legislative intent and purpose expressed in the title of the act. The recorded statements of the House Education Committee members, upon consideration of H.B. 300 (ch. 77-276), reflect that the purpose of the bill was to conform the formula and procedure for determining the apportionment or reapportionment and boundaries of school board member residence areas to the aforementioned one-person, one-vote principle under the United States Constitution set by the United States Supreme Court. In these circumstances, I am of the view that the Legislature, in enacting ch. 77-276, may well have intended to prescribe the only rule governing the formula for the apportionment or reapportionment of school board member residence areas throughout the district school system of the state (see ss. 228.04 and 228.041(2) and (3), F. S.). Such being the case, and chs. 77-276 and 63-1712, *3940 Laws of Florida, being irreconcilably repugnant and conflicting as discussed above, the later statute, ch. 77-276, should prevail over ch. 63-1712 insofar as the last-mentioned criterion or formula is concerned, or ch. 63-1712 should be amended in that particular. See Sanders v. Howell, 74 So. 802 (Fla. 1917); Tamiami Trail Tours v. City of Tampa, 31 So.2d 468 (Fla. 1947); and Sweet v. Josephson,173 So.2d 444 (Fla. 1965); see also State v. Southern Land Timber Co.,33 So. 999 (Fla. 1903); American Bakeries Co. v. Haines City,180 So. 524 (Fla. 1938); and Town of Palm Beach v. Palm Beach Loc. 1886, I.A.F.F., 275 So.2d 247 (Fla. 1973). In these circumstances, I would therefore suggest that the District School Board of Orange County apply the population equality criterion or formula prescribed by s. 230.061(1), rather than the qualified elector formula set by ch. 63-1712, in apportioning or reapportioning the school board member residence areas or districts in 1981 following the certification of the 1980 census as that census may require. In this latter regard, s. 8, Art. X, State Const., provides that the 1980 census shall become effective on the 30th day after the final adjournment of the regular session of the 1981 Legislature.See also s. 11.031, F.S. Pursuant to s. 2 of ch. 77-276, no district school board is required to change the boundaries of the school board member residence areas before July 1, 1981. Failure of the Orange County School Board to make such 1981 reapportionment of such residence areas or districts on an equal population basis may well invite unawarranted litigation, at the expense of the school district and taxpayers therein, stemming from federal constitutional questions as hereinbefore delineated.
Prepared by: John W. Williams, Assistant Attorney General