885 So.2d 373 (2004)
AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, et al., Appellants,
v.
Glenda E. HOOD, etc., et al., Appellees.
No. SC04-1921.
Supreme Court of Florida.
October 18, 2004.
Ben R. Patterson and Jerry G. Traynham of Patterson & Traynham, Tallahassee, FL, and Stephen P. Berzon, Jonathan Weissglass, Linda Lye and Danielle E. Leonard of Altshuler, Berzon, Nussbaum, Rubin & Demain, San Francisco, CA, on behalf of American Federation of Labor and Congress of Industrial Organizations, et al.; Alma Gonzalez, Tallahassee, FL, on behalf of Florida Public Employees Council 79, Tallahassee, FL; Jill Hanson, West *374 Palm Beach, FL, and Jonathan P. Hiatt and Laurence E. Gold, Washington, D.C., on behalf of AFL-CIO; and Judith A. Scott and John J. Sullivan, Washington, D.C., on behalf of SEIU and SEIU 1199Florida, for Appellants.
Honorable Charles J. Crist, Jr., Attorney General, Christopher M. Kise, Solicitor General, Gerald B. Curington, Assistant Deputy and Jonathan A. Glogau, Chief, Complex Litigation, Tallahassee, FL, on behalf of the Honorable Glenda Hood; and Herbert W.A. Thiele, County Attorney and Patrick T. Kinni, Assistant County Attorney, Tallahassee, FL, on behalf of Jane Sauls, for Appellees.
Ronald A. Labasky of Landers & Parsons, P.A., Tallahassee, FL, on behalf of Bill Cowles and the Supervisor of Elections of Orange County, Florida and President of the Florida State Association of Supervisors of Elections, Inc.; and D. Andrew Byrne, Darren A. Schwartz, Jackson W. Maynard, Jr., D. Christine Thurman of Cooper, Byrne, Blue & Schwartz, PLLC, Tallahassee, FL, on behalf of Cecilia Rush, for Intervenors.
PER CURIAM.
We have on appeal a trial court judgment certified by the district court of appeal to be of great public importance and to require immediate resolution by this Court. We have jurisdiction. See art. V, § 3(b)(5), Fla. Const.

1. Facts

In 2001, the Florida Legislature enacted legislation allowing voters to cast provisional ballots. See § 101.048, Fla. Stat. (2004). Under this legislation, a voter whose eligibility cannot be readily determined can cast a ballot, but officials will not count the ballot until the voter's eligibility is confirmed. See id. Before the ballot will be counted, officials must confirm (1) that the voter is registered and (2) that the voter is eligible to vote at the precinct where the ballot was cast. See § 101.048(2), Fla. Stat. (2004).
On August 17, 2004, four registered voters and several labor organizations filed a petition for writ of mandamus in this Court, alleging that the precinct-specific requirement in section 101.048 violates the Florida Constitution. The Court transferred the petition to circuit court. The circuit court dismissed the petition for failing to state a prima facie case. Petitioners then filed a motion to amend the judgment and filed an amended complaint seeking declaratory and injunctive relief. The circuit court denied relief. The plaintiffs appealed and the district court certified the matter to this Court. The plaintiffs now claim that the precinct-specific provision is facially unconstitutional in that it operates as an unnecessary restriction on the right to vote, in violation of article VI, section 1, Florida Constitution, and imposes an additional qualification on the right of suffrage, in violation of article VI, section 2.

2. The Applicable Law

The plaintiffs' facial challenge to the constitutionality of the precinct-specific provision in section 101.048, Florida Statutes (2004), is a pure question of law, subject to de novo review. See, e.g., City of Miami v. McGrath, 824 So.2d 143, 146 (Fla.2002) (holding that the facial constitutionality of a statute is a pure question of law, subject to de novo review).
Article VI, section 1, Florida Constitution, entitled "Regulation of elections," provides as follows in full:
All elections by the people shall be by direct and secret vote. General elections shall be determined by a plurality of votes cast. Registration and elections shall, and political party functions may, be regulated by law; however, the requirements for a candidate with no party *375 affiliation or for a candidate of a minor party for placement of the candidate's name on the ballot shall be no greater than the requirements for a candidate of the party having the largest number of registered voters.
Art. VI, § 1, Fla. Const. (emphasis added). Article VI, section 2, Florida Constitution, entitled "Electors," discusses voter qualifications and provides as follows in full:
Every citizen of the United States who is at least eighteen years of age and who is a permanent resident of the state, if registered as provided by law, shall be an elector of the county where registered.
Art. VI, § 2, Fla. Const.
Section 101.045, Florida Statutes (2004), addresses general voter precinct requirements and provides as follows in relevant part:
No person shall be permitted to vote in any election precinct or district other than the one in which the person has his or her legal residence and in which the person is registered.
§ 101.045(1), Fla. Stat. (2004) (emphasis added). Section 101.048, Florida Statutes (2004), addresses provisional ballots and provides as follows in relevant part:
101.048 Provisional ballots. 
(1) At all elections, a voter claiming to be properly registered in the county and eligible to vote at the precinct in the election, but whose eligibility cannot be determined... shall be entitled to vote a provisional ballot. Once voted, the provisional ballot shall be placed in a secrecy envelope and thereafter sealed in a provisional ballot envelope. The provisional ballot shall be deposited in a ballot box. All provisional ballots shall remain sealed in their envelopes for return to the supervisor of elections. The department shall prescribe the form of the provisional ballot envelope.
(2)(a) The county canvassing board shall examine each provisional ballot envelope to determine if the person voting that ballot was entitled to vote at the precinct where the person cast a vote in the election and that the person had not already cast a ballot in the election.
(b)(1) If it is determined that the person was registered and entitled to vote at the precinct where the person cast a vote in the election, the canvassing board shall compare the signature on the provisional ballot envelope with the signature on the voter's registration and, if it matches, shall count the ballot.
(2) If it is determined that the person voting the provisional ballot was not registered or entitled to vote at the precinct where the person cast a vote in the election, the provisional ballot shall not be counted and the ballot shall remain in the envelope ... and the envelope shall be marked "Rejected as Illegal."
§ 101.048, Fla. Stat. (2004) (emphasis added).
As noted above, article VI, section 1, Florida Constitution, provides that "elections shall ... be regulated by law." Under this provision, the Legislature is directed to enact laws regulating the election process. The voter must "comply with such ... requirements of law as may be imposed upon him as a matter of policing the process by which he is authorized to cast his vote at a place and within the time, and subject to the regulations, provided by law to govern the elections themselves." State ex rel. Gandy v. Page, 125 Fla. 348, 169 So. 854, 858 (1936) (emphasis added). The constitutional directive, however, is not plenary: legislative acts that impose "[u]nreasonable or unnecessary restraints on the elective process are prohibited." *376 Treiman v. Malmquist, 342 So.2d 972, 975 (Fla.1977).

3. The Present Case

As noted above, the Legislature is authorized to impose reasonable and necessary regulations on the "place" at which an elector may cast his or her vote. The traditional precinct-specific provision that applies to all voters is codified in section 101.045 and has been a feature of Florida election law for decades. See § 101.045, Fla. Stat. (2004). The plaintiffs do not challenge the validity of that provision. Rather, they challenge only the precinct-specific provision in section 101.048. Yet, the plaintiffs fail to show how section 101.048 is distinguishable from section 101.045 in this regard. Under their reasoning, if the precinct-specific provision in section 101.048 were to be held invalid, then the traditional precinct-specific provision in section 101.045 also would be infirm.
We conclude that the precinct-specific provision in section 101.048 is a regulation of the voting process, not a qualification placed on the voter, and is no more unreasonable or unnecessary than the comparable provision in section 101.045, which has been operative for decades. The Legislature reasonably may have determined that both regulations are necessary to ensure the integrity of the election process. We hold that the plaintiffs have failed to show that the precinct-specific provision in section 101.048 imposes an "[u]nreasonable or unnecessary restraint[ ] on the elective process." See Treiman, 342 So.2d at 975. We affirm the trial court's ruling upholding the facial constitutionality of section 101.048, Florida Statutes (2004), in this regard.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.